# The Cox Law Center, LLC

P.O. Box 545
Emmitsburg, MD 21727
410.254.7000 (office); 410.254.7220 (facsimile)

Daniel L. Cox
**Attorney at Law**

Monday, May 4, 2020

Julia Doyle Bernhardt, Esq.
Assistant Attorney General

Honorable Brian Frosh, Esq.
Attorney General of Maryland
200 St. Paul Place, 20th Floor
Baltimore, Md 21202

> Re: Maryland State Police Chilling of Free Speech
> And Request for Consent TRO; Request for Electronic Hold
> On All ESI Information; *Antietam Battlefield KOA, et al* v. *Lawrence J. Hogan, Gov., et al*; Federal Civil No. 1:20-cv-01130

Dear Attorney Bernhardt,

This is an addendum to our Motion for a TRO. Attached, please find the Frederick News Post Article by Erika Riley entitled "Cross-State Reopen Maryland Rally Draws More Than 200 Cars". In that article, the MSP Corporal on-site at the peaceful First Amendment Rally states:

> "…just because nobody was arrested at the scene doesn't mean repercussions couldn't come later. He said there is video of the event, and any repercussions would be based upon how many people were in the area, how close together they were and if they were wearing masks.
> "I never say never just because if someone doesn't get charged on a scene doesn't mean a charge isn't coming," Merkelson said. **"Doesn't mean I won't get you later."** (Attached Ex. 1).

These illegal, shocking, First Amendment violations put a chill on free and peaceful speech throughout the entire State of Maryland at the Saturday Rally and continuing to this moment.

Additionally, I repeatedly reached out to the Governor's Chief Legal Counsel Mike Pedone for a consent agreement to establish a TRO to prevent this exact chilling of speech and have received no reply to date. (Attached, Ex. 2). We hereby renew our request for a consent TRO as to agreement not to arrest or charge any plaintiff or their congregation/attendees, including the undersigned, while traveling to and/or participating in any free speech activity, any federally permissible business or commerce or any person who does not wish to remain in their homes or who wishes to participate in any recreation or other federally lawful activity.

ESI Preservation Letter Demand to Attorney General Frosh
*Antietam Battlefield KOA, et al* v. *Hogan, et al*  1:20-cv-01130
Monday, May 4, 2020
Page 2 of 3

    Finally, as you are aware federal law and rules require your client to ensure all ESI information is stored and protected from destruction in the formats requested. Accordingly, we are issuing this ESI preservation demand.

    So that we do not create undue burden we wish to be specific with our amended electronically stored discovery preservation demand:

1. We are requesting the electronically-stored information in the form or format in which it is maintained in the ordinary course of your clients' business, as long as it is produced in the same organizational format that is used in your clients' business.

2. We are requesting that the information be produced in word searchable format, if it is word searchable as maintained on your client's computers, and that if necessary, you provide us with the access to the necessary software to perform the word search.

3. This request for preservation includes all types of electronically-stored information, including backed up records, archived, legacy information, hidden data, embedded data, residual-deleted data, whether on separate media, computer networks, stand-alone computers, proprietary space on web sites, etc.

4. This request particularly demands the preservation of all e-mail, with attachments, transmitted and received to or from your employees whether on computers at your places of business, laptop computers, home computers with business correspondence therein, and/or hand-held devises capable of e-mail, such as cell phones, iPhones, Blackberries etc.

5. If you intend to assert, in accordance with FRCP 26(b)(2)(C), that this Demand for Preservation of Electronically-stored Information will create undue burden or cost, and so that we can meet and confer to resolve any conflict, provide us with a proposed plan of preservation that will not create undue burden or cost, an explanation of the burden and cost factors involved, including the category and type of information which you cannot preserve, and advise whether we can "sample or test" the data at issue to determine if we can narrow our demand to alleviate any undue burden or cost.

6. If you claim that any part of our demand is ambiguous, please consult the Federal Advisory Committee Notes accompanying the new federal electronic discovery rules as to terminology, or contact us for clarification.

ESI Preservation Letter Demand to Attorney General Frosh
*Antietam Battlefield KOA, et al* v. *Hogan, et al*  1:20-cv-01130
Monday, May 4, 2020
Page 3 of 3

7. While this request focuses on electronically-stored information, we expect that paper documents and real objects will also be preserved in accordance with all statutory, common law, and litigation relevant standards that apply.

8. With regard to any assertion of privilege, please advise us whether you will document your claims of privilege and/or trial preparation work product with a privilege log. If possible, advise whether you will elect the procedure established in FRCP 16(b)(6) for post-production assertion of privilege of trial preparation material.

Thank you and I remain,

Very truly yours,

Daniel L. Cox

Cc: file; plaintiffs
    Court record addendum to Motion for TRO