IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

ANTIETAM BATTLEFIELD KOA, et al      :

           Plaintiffs         :
v.                                  Case No. 1:20-cv-01130-CCB
                                    :
LAWRENCE J. HOGAN, et al

           Defendants      :

**PLAINTIFFS' OPPOSITION TO MOTION TO FILE AMICUS BY AMERICANS UNITED FOR SEPARATION OF CHUCH AND STATE**

**A. Americans United Seeks Not To Provide Disinterested Information To The Court, But to Inject Its Repetitive and Unnecessary Arguments Into This Matter.**

Americans United claims that its proposed brief should be permitted because it provides "case law and **argument**" as to why Plaintiffs' claims should fail. (emphasis added). But, that is the role of a party, not an amicus. "The term 'amicus curiae' means friend of the court, not friend of a party." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (explaining reasons for denying amicus motion). *See also United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) ("The orthodox view of amicus curiae was, **and is**, that of an *impartial* friend of the court—*not an adversary party in interest in the litigation*." (bold emphasis added; italics original)). In that traditional role, an amicus is usually welcomed where it "draw[s] the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. of State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982); *Alexander v. Hall*, 64 F.R.D. 152, 155-56 (D.S.C. 1974).

Indeed, Americans United seems to misunderstand "what an amicus is, namely, one who, not as parties but, just as a stranger might . . . for the assistance of the court gives information of some matter of law in regard to which the court is doubtful or mistaken." *New*

*England Patriots Football Club, Inc. v. Univ. of Colorado*, 592 F.2d 1196, 1198 n.3 (1st Cir. 1979). Here, Americans United does not offer any unique perspective or present any argument that somehow escaped the parties' consideration.

### Americans United's Participation In This Matter Is Unnecessary Because the Parties' Interests Are Already Adequately Represented.

Amicus participation is generally permitted "when … a party is not adequately represented (usually, is not represented at all)." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). *See also Ryan*, 125 F.3d at 1063. Here, there is no question that the Governor are adequately represented. The only issues Americans United purports to argue have been fully briefed by the Governor, and thus all interests in this litigation are adequately and sufficiently cared for without the need for intermeddling. Americans United's perspective and participation are unnecessary.

### C. Americans United Merely Seeks To Inject Interest Group Politics And A Highly Partisan Account Of The Facts, Which Is Improper.

"[T]he filing of an amicus brief is often an attempt to inject interest group politics into the federal [litigation] process." *Voices for Choices*, 339 F.3d at 544. And, "[t]he position of classical amicus in litigation was **not to provide a highly partisan account of the facts** …." *United States v. Michigan*, 940 F.2d at 165 (emphasis added). Here, that is precisely what Americans United seeks to do. A cursory review of its proposed brief reveals that it seeks to litigate what the scope of COVID-19 is, what types of services are permitted for Maryland Churches, and whether religious services pose unique health risks that are not present in other non-religious settings. That is not the role of an amicus, and certainly not an amicus like Americans United, who is not a scientific expert (on COVID-19 or otherwise).

Accordingly, the Motion to File an Amicus brief should be denied.

/s/ John Garza
John R. Garza Bar Number 01921
GARZA LAW FIRM, P. A.
Garza Building
17 W. Jefferson Street
Ste. 100
Rockville, MD 20850
301.340.8200, Extension 100 [Tel.]
jgarza@garzanet.com
 Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that this May 20, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ John R. Garza